UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARRINGTON DAVIDSON, | No. 2:16-cv-00689-GEB-GGH |
| Petitioner, | |
| v. | ORDER |
| DAVID DAVEY, | |
| Respondent. | |

*PROCEDURAL BACKGROUND*

On August 28, 2017, this court issued an Order adopting the Findings and Recommendations of the Magistrate Judge assigned to this case, to which petitioner had filed no objections, denying the petition for habeas corpus and directing the Clerk to close the case. ECF No. 19. Judgment was entered the same day. ECF No. 20. On September 18, 2017, petitioner moved for an extension of time to file objections explaining that he had been moved to a new prison at or about the time the Findings and Recommendations were issued and due to various rules at his new prison he could not gain access to the law library for the purpose of drafting objections. ECF No. 21.

On October 11, 2017, the Magistrate Judge issued an Order to reopen the case and to grant

1

petitioner until October 30, 2017, to file objections.  ECF No. 22.  Nothing was filed on October 30, 2017, but on November 3, 2017, petitioner filed a Motion to Stay the proceedings to allow him to exhaust state remedies for new claims.  ECF No. 23.

*DISCUSSION*

Petitioner was permitted to file objections.  He has not presented any argument which would justify a change in this Court's adoption of the Findings and Recommendations.  Instead, petitioner presents an unjustified request to start all over by permitting him to commence exhaustion proceedings for supposed new claims.

In his Motion to Stay, petitioner professes his desire to raise issues regarding the pre-trial police investigation of his case, the sufficiency of the evidence introduced at trial, and prosecutorial misconduct.  In Rhines v. Weber, 544 U.S. 269 (1005), the Supreme Court permitted the district court to stay a federal habeas corpus petition to exhaust claims which had previously not been exhausted.  To qualify for a stay under Rhines, however, the court held that a petitioner must:  (1) show good cause for his failure to exhaust all his claims before filing this action; (2) explain and demonstrate how his unexhausted claim is potentially meritorious; (3) describe the status of any pending state court proceedings on his unexhausted claim; and (4) explain how he has diligently pursued his unexhausted claim.  Rhines, 544 U.S. at 277–278.

What constitutes good cause has not been precisely defined except to indicate at the outer end that petitioner must not have engaged in purposeful dilatory tactics, id., and that "extraordinary circumstances" need not be found.  Jackson v. Roe, 425 F.3d 654, 661–62 (9th Cir. 2005); see also Rhines, 544 U.S. at 279 (Stevens, J., concurring) (the "good cause" requirement should not be read "to impose the sort of strict and inflexible requirement that would trap the unwary pro se prisoner") (internal citation omitted); id. (Souter, J., concurring) (pro se habeas petitioners do not come well trained to address tricky exhaustion determinations).

"But as the Jackson court recognized, we must interpret whether a petitioner has "good cause" for a failure to exhaust in light of the Supreme Court's instruction in Rhines that the district court should only stay mixed petitions in 'limited circumstances.'  We also must be mindful that AEDPA aims to encourage the finality of sentences and to encourage petitioners to

exhaust their claims in state court before filing in federal court." Wooten v. Kirkland, 540 F.3d 1019, 1023-1024 (9th Cir. 2008), quoting Jackson, 425 F.3d at 661) (internal citations omitted). Recently, the Ninth Circuit stated that "a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust," will demonstrate good cause under Rhines. Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014).

Petitioner here has not provided any "good cause" for why he did not act sooner even in the course of this action that was filed over two years ago. See ECF No. 1. Doing nothing more than identify claims, he does not put forth any argument regarding the merit that underlies his claims, nor does he attempt to show diligent efforts to pursue exhaustion. In essence, he does not even attempt to meet the requirements for stay and abeyance.

*CONCLUSON*

In light of the foregoing, this court will not exercise discretion to grant a motion for stay and abeyance in this case. IT IS THEREFORE ORDERED that:

1. Petitioner's Motion for Stay is DENIED;

2. The Court again adopts in full the Findings and Recommendations recommending the denial of the habeas corpus petition;

3. The Clerk shall reinstate the Judgment entered on August 28, 2017, ECF No. 20, and close this case; and

4. No Certificate off Appealability shall be granted.

**IT IS SO ORDERED.**

Dated: November 21, 2017

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge